**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNUM ETAL MAZZEO,

                         Plaintiff,

         - v -                                          Civ. No. 1:14-CV-391
                                                                     (LEK/RFT)

DEP'T OF TAXATION AND FINANCE, *et al.*,

                         Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

UNUM ETAL MAZZEO
Plaintiff, *Pro Se*
c/o Dr. Carla Mazzeo
52 South Manheim
Paltz, New York 12561

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Unum etal Mazzeo. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2, IFP App.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

      Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter IFP.

#### B. Plaintiff's Complaint

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17,

1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (quoting *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) and further citing *Salhuddin v. Cuomo*, 861 F.2d at 42). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

In bringing this action, Plaintiff utilized a *pro forma* complaint typically used by complainants asserting discrimination based upon their age. *See generally* Compl. Within the "Facts" section of that Complaint, Plaintiff indicates that the discriminatory conduct began when he was three years old. *Id*. at ¶ 8. In lieu of asserting facts surrounding his claim of discrimination, as the form instructs, Plaintiff wrote:

> Please see exhibits Roman numerals I, II, III. Especially the New York Law Journal presenting some of the attornies [sic] that initially caused this action. Family Law Practitioners 2010 Exhibit G-II. The State of NY Senate and assembly. NYS division of human rights.

*Id*. at ¶ 7.

Notably, the Exhibits referenced above total over 500 pages of documents that do not enlighten the Court in any way as to how any of the named Defendants violated any rights secured by Plaintiff, federally or state. Instead, the Exhibits amount to nothing more than a mishmash of documents, as is Plaintiff's modus operandi in all actions he files with this Court.[1]  In this particular action, the Exhibits attached to the Complaint include, but by no means are limited to:

- Lease violation/termination notifications;

- Child support tables;

- Various documents filed in other courts/agencies including decisions rendered and papers submitted in this District in other cases initiated by Plaintiff;

---

[1] Plaintiff has filed a total of eleven civil actions in this District, all of which have been dismissed or are currently under consideration for dismissal.
  **1.** *Mazzeo v. State of NYDOH, et. al*, 5:05-CV-1598 (NAM/DEP) (closed on Aug. 18, 2006);
  **2.** *Mazzeo-Unum v. United States Dep't of Housing and Urban Dev., et al.*, 1:09-CV-1420 (LEK/RFT) (closed on Mar. 11, 2010);
  **3.** *Mazzeo-Unum v. Soc. Sec. Admin., et al.*, 1:11-CV-983 (GLS/RFT) (closed on Nov. 15, 2011);
  **4.** *Unum v. Orange Cnty. Cent. Jail, et al.*, 1:12-CV-16 (GTS/RFT) (closed on Jan. 20, 2012);
  **5.** *Mazzeo-Unum v. Dep't of Transp., et al.*, 1:12-CV-1856 (TJM/RFT) (closed on June 12, 2013);
  **6.** *Unum, et al. v. Dep't of Taxation and Fin., et al.*, 1:13-CV-586 (MAD/RFT) (recommendation of dismissal pending);
  **7.** *Comprehensive Medical Care Servs., P.C., et al. v. New York State Comm'n of Corr., et al.*, 1:13-CV-864 (GTS/CFH) (closed on Dec. 30, 2013);
  **8.** *Unum v. Rockland Cnty., et al.*, 1:13-CV-1108 (MAD/CFH) (closed on Apr. 14, 2014);
  **9.** *Medical/Surgical Group Trust v. NYS Energy Research and Dev. Auth., et al.*, 1:13-CV-1109 (LEK/CFH) (closed on May 28, 2014);
  **10.** *Neuro-Medical Diagnostic Care Servs. P.C., et al. v. Dep't of Transistional Assistance, et al.*, 1:13-CV-1593 (MAD/ATB) (closed on Apr. 18, 2014);
  **11.** *Mazzeo v. Dep't of Taxation and Fin., et al.*, 1:14-CV-391 (LEK/RFT) (current case).

In each of these actions, Plaintiff initiates the cases under various aliases and provides reams upon reams of exhibits that are so voluminous that the Court maintains them in hard-copy format in the Clerk's Office rather than burden Clerk's Office staff with the herculean task of scanning and uploading hundreds and hundreds of pages onto the Court's Case Management Electronic Case Filing ("CM/ECF") System. In light of Plaintiff's profoundly onerous litigation history in this District, presently under consideration before the Honorable Mae A. D'Agostino, United States District Judge, is a Report-Recommendation and Order drafted by the undersigned in another case filed by Plaintiff wherein we recommend dismissal of that action and the issuance of a bar order precluding Plaintiff from burdening the Court with any more needless litigation without first obtaining permission from the Chief District Judge. *See Unum et al. v. Dep't of Taxation and Fin., et al.*, Civ. No. 1:13-CV-586 (MAD/RFT).

- Photocopies of advertisements such as a certificate of notice regarding how to obtain the limited edition of the Budweiser Holiday Express or membership opportunities at Best Fitness Gym;

- Photocopy of "How to Get and Clean up Your New York State Rap Sheet" published by the Legal Action Center;

- Photocopies of various volumes of "Comprehensive Clinical Psychology;"

- Photocopies of movie collections in genres such as "serial killers;"

- Photographs of various members of the New York State Assembly and United States Congress with hand-drawn cross-hairs on the foreheads of New York State Speaker Sheldon Silver and Chief Judge of the New York Court of Appeals Jonathan Lippman.

In painstakingly reviewing Plaintiff's submissions, this Court cannot decipher any rational reason for which Plaintiff seeks remedy from this Court. Having reviewed six of Plaintiff's eleven civil actions, this Court fears that he is deteriorating and, especially in light of the alarming hand-drawn cross-hairs, is gravely concerned for the safety and well-being of members of the public who have unfettered access to the Courthouse as well as the employees that appear on a daily basis. Because of the nonsensical and disturbing nature of his attachments in this action, the Court not only recommends dismissal of this action, but reiterates its recommendation made to Judge D'Agostino that Plaintiff be subject to an injunction wherein he must seek permission from the Chief District Judge before filing another civil action in this Court. *See Unum, et al. v. Dep't of Taxation and Fin., et al.*, 1:13-CV-586 (MAD/RFT), at Dkt. No. 10 (recommending dismissal of that action and further recommending that Plaintiff be enjoined from filing any further actions in this District without first seeking permission from the Chief District Judge).

Although the customary practice is to allow a plaintiff to reframe a deficient complaint, *see* FED. R. CIV. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffulo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or in artfully pleaded and that she should therefore be given a chance to reframe"). In light of the Plaintiff's frivolous litigation history, the Court recommends outright dismissal of this action without providing further opportunity to amend.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72 & 6(a).

**IT IS SO ORDERED**.

Date: July 9, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge